UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY UDOM,<br>Detainee No. A023503206,<br><br>                                    Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA; K. PERRY; TRICK;<br>IWUABA,<br><br>                                    Defendants. | Civil No.      12cv1073 LAB (MDD)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[ECF No. 2];**<br><br>**AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

Anthony Udom ("Plaintiff"), currently detained at the San Diego Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil action. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

**I.**

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28

U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff claims he was civilly detained pursuant to immigration or deportation proceedings, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

## II.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez*

*v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

As an initial matter, Plaintiff's Complaint violates Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2). Here, Plaintiff's entire Complaint is just two pages and contains no factual allegations. If Plaintiff chooses to file an Amended Complaint, he must comply with Rule 8.

In addition, Plaintiff is in federal custody and seeks to hold purported federal actors liable for alleged civil rights violations. Thus, while the Court notes that while Plaintiff purportedly brings this action under § 1983, the Court will liberally construe his claims to arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971) because Plaintiff claims violations of his civil rights by a federal actors. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award

damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly- Murphy*, 837 F.2d at 355.

Nor does *Bivens* provide a remedy for alleged wrongs committed by a private entity alleged to have denied Plaintiff's constitutional rights under color of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose of *Bivens* is to deter *the officer*,' not the agency.") (quoting *Meyer,* 510 U.S. at 485); *Malesko*, 534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private entities."). Accordingly, Plaintiff cannot bring claims of civil rights violations against the Corrections Corporation of America.

While not entirely clear, it appears that Plaintiff also seeks to hold Defendants liable for alleged tort violations. If Plaintiff intends to bring this action pursuant to the Federal Torts Claim Act ("FTCA"), he fails to name the United States as a Defendant. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, provides that the sovereign immunity of the United States is waived for suits resulting from torts "caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus, Plaintiff's FTCA claims fail because the United States is the only proper defendant for an FTCA claim against a federal employee for actions taken within the scope of their employment. *See Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993).

If Plaintiff is seeking to bring claims under California state law, the Court declines to exercise supplemental jurisdiction over these pendent state claims at this time because Plaintiff cannot identify a violation of federal law. *See* 28 U.S.C. § 1367(c)(3) ("The district court may

1  decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district
2  court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers*
3  *of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial,
4  ... the state claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999,
5  1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental
6  jurisdiction over state law claims under 1367(c) is discretionary.")

7  Accordingly, the Court must DISMISS Plaintiff's Complaint for all the reasons set forth
8  above but will provide Plaintiff with the opportunity to amend his Complaint to correct the
9  deficiencies of pleading identified by the Court.

10 ## III.
11 ### CONCLUSION AND ORDER

12  Good cause appearing therefor, **IT IS HEREBY ORDERED** that:
13  1.  Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is
14  **GRANTED**.

15  **IT IS FURTHER ORDERED** that:
16  2.  Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.
17  § 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this
18  Order is filed in which to file a First Amended Complaint which cures the deficiencies of
19  pleading noted above. Plaintiff's Amended Complaint must be complete in itself without
20  reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and
21  any claim not re-alleged in the Amended Complaint will be considered waived. *See King v.*
22  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint
23  within 45 days, this case shall remain dismissed for failing to state a claim pursuant to 28 U.S.C.
24  § 1915(e)(2).

25  DATED: May 14, 2012

26

27  *Larry A. Burns*
    **HONORABLE LARRY ALAN BURNS**
    United States District Judge
28